IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | CIVIL ACTION NO. H-12-2901 |
| f/k/a The Bank of New York, | § | |
| as Trustee; JOHN LYNCH d/b/a | § | |
| AVT Title; and THE BANK OF | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 21) as to Plaintiff's First Amended Original Petition (Docket Entry No. 9). For the reasons explained below, the pending motion will be granted, and this action will be dismissed.

### I. Factual Allegations and Procedural Background

Plaintiff alleges that on December 10, 2004, he purchased a tract of real property in Harris County, Texas, financed by a promissory note secured by a deed of trust.[1] Plaintiff alleges

---

[1] Plaintiff's First Amended Original Petition (Docket Entry No. 9), pp. 2-3, ¶¶ 2-3 (incorporating by reference the Adjustable Rate Note, Exhibit A, and Deed of Trust, Exhibit B, to Plaintiff's Original Petition attached to Notice of Removal, Docket Entry No. 1-3).

that substitute trustee John Lynch d/b/a AVT Title, "acting on instructions from the Bank of New York Mellon, [gave] notice that the property [was] to be sold by the substitute Trustee pursuant to the powers contained in the deed of trust."[2]

On September 11, 2012, plaintiff filed his Original Petition in state court against defendants, The Bank of New York Mellon, as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2005-1 ("BNY Mellon"), John Lynch d/b/a AVT Title ("Lynch"), and Bank of America, N.A., incorrectly named as The Bank of America, Inc., ("Bank of America") (collectively, "Defendants"), seeking an injunction to prevent the sale of property, a declaration that the deed of trust securing plaintiff's mortgage on the property is invalid and unenforceable, damages and attorney's fees.[3] On September 7, 2012, defendants timely removed plaintiff's action from state to federal court.[4] On October 4, 2012, Lynch filed Defendant John Lynch's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support (Docket Entry No. 5). On October 18, 2012, plaintiff filed Plaintiff's First Amended Original Petition (Docket Entry No. 9), and Plaintiff's Motion to Remand and Brief in Support Thereof (Docket Entry No. 11).

---

[2] Id. at 3, ¶ 5.

[3] Plaintiff's Original Petition ("Original Petition"), Ex. B-2 to Notice of Removal, Docket Entry No. 1-3, p. 3, ¶¶ 2-3.

[4] Notice of Removal, Docket Entry No. 1.

Plaintiff's First Amended Original Petition asserts a claim for usury against all the defendants, and a claim for violation of Texas Finance Code Chapter 392, Texas Fair Debt Collection Practices Act, against newly-named defendant Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf"), the law firm representing the substitute trustee. In his Motion to Remand plaintiff argued that the addition of Texas resident Mackie Wolf as a defendant destroyed diversity jurisdiction.[5] On January 4, 2013, the court entered a Memorandum Opinion and Order that granted Lynch's motion to dismiss, denied plaintiff's attempt to join Mackie Wolf as a defendant, and denied Plaintiff's Motion to Remand.[6]

In the pending motion Defendants assert that because the court has dismissed defendant Mackie Wolf, the only defendant against whom plaintiff asserted his claim for violation of the Texas Fair Debt Collection Practices Act, the only remaining cause of action is plaintiff's claim for usury against the remaining defendants, BNY Mellon and Bank of America.[7] Plaintiff has not disputed defendants' assertion that his claim for usury is the only claim remaining in this action. On January 14, 2013, defendants filed their Motion for Judgment on the Pleadings asserting that the

---

[5]Plaintiff's Motion to Remand, Docket Entry No. 11, ¶ 2.

[6]Memorandum Opinion and Order, Docket Entry No. 20.

[7]Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 21, p. 4, ¶ 7.

-3-

plaintiff's only remaining claim for usury is barred by limitations and by judicial estoppel.

## II. Standard of Review

Citing Federal Rule of Civil Procedure 12(c), the two remaining defendants seek judgment on the pleadings arguing that the plaintiff's only remaining claim for usury is barred by the statute of limitations and by the doctrine of judicial estoppel. "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract C. v. Touchstone Properties, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). Such a motion is useful when all material allegations of facts are admitted in the pleadings and only questions of law remain. Id. The motion should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. Greenberg v. General Mills Financial Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). See In re Great Lakes Dredge & Dock Co., LLC, 624 F.3d 201, 209 (5th Cir. 2010); Guidry v. American Public Life Insurance Co., 512 F.3d 177, 180 (5th Cir. 2007). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to

the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). When considering a Rule 12(b)(6) motion to dismiss courts are generally able to look only to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

### III. Plaintiff's Usury Claims Are Barred by Limitations

Citing Texas Finance Code § 305.006 and Aguilar v. Anderson, 855 S.W.2d 799, 810-11 (Tex. App. — El Paso 1993, writ denied), defendants argue that plaintiff's usury claim is barred by limitations. Defendants explain that

> Texas law provides than an action for usury "must be brought within four years after the date on which the usurious interest was contracted for, charged or received." Thus the four year statute of limitations began to run on Plaintiff's claim on December 10, 2004, the date Plaintiff claims he executed the Note and Deed of Trust.[8]

---

[8] Id. ¶ 9.

A defense based on limitations may properly be raised by motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) when the defense is apparent on the face of the complaint. See Brown v. Walraven, 9 F.3d 1546 (5th Cir. 1993) (per curiam) (Table) (Rule 12(c) motion); Ramming, 281 F.3d at 161 (Rule 12(b)(6) motion).

Plaintiff responds that

> his Usury claim for damages arose because of the acceleration [of] the Note that is secured by a lien on his homestead. The defendants accelerated this note by Notice dated August 29, 2012, and made demand for an amount that included this usurious interest, wrongful late charges, attorney's fees.
>
> Thereafter, Defendants mailed Plaintiff a "Notice of Rescission of Acceleration of Loan Maturity," a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. The original acceleration notice constituted a CHARGING of usurious interest when they threatened to foreclose their lien on Plaintiff's homestead. Plaintiff's cause of action for damages accrued on the date of Acceleration and demand for payment in excess of the highest amount allowable by law.[9]

Despite plaintiff's statement to the contrary, the "Notice of Rescission of Acceleration of Loan Maturity" is not attached to plaintiff's response. Moreover, plaintiff has neither requested an evidentiary hearing nor objected to the propriety of deciding whether his claim for usury is barred by limitations on the basis of a motion on the pleadings.

In Texas a cause of action for usury "must be brought within four years after the date on which the usurious interest was

---

[9]Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 24, pp. 1-2, ¶¶ 1-2.

contracted for, charged, or received." Texas Finance Code § 305.006. In applying the statute of limitations, a cause of action accrues when a set of facts come into existence that give a claimant a right to seek a remedy in the courts. <u>Robinson v. Weaver</u>, 550 S.W.2d 18, 19 (Tex. 1977). The question of when a cause of action accrues is a question of law for the court. <u>Moreno v. Sterling Drug</u>, 787 S.W.2d 348, 351 (Tex. 1990).

> Plaintiff's usury claim is based on the following allegations:
>
> Defendant has contracted for, charge[d] and received interest in excess of the amount authorized by law. These **charges collected at closing and during the life of the note**, when measured against the true principal of the loan, are in excess of the amount allowed by law.[10]

In support of his claims plaintiff alleges the following facts:

> Delta Bay Builders, LLC, is a real estate development company that purchased the subject property at foreclosure sale on the first Tuesday of June, 2004, and became the fee simple owner of said property. Improvements were made until the property became livable, even though there was work to be done before the project was completed. Plaintiff bought the property from Delta Bay Builders on December 10, 2004. A true and correct copy of the closing statement is attached hereto as Exhibit "C" and incorporated herein by reference. As a further condition for making the loan, defendants required plaintiff to pay these additional sums to defendants as a fee. **This fee was paid to defendants by deducting from the face value of the promissory note so that the net amount actually advanced to plaintiff to acquire the property was less than was advanced.** This fee constitutes interest in that it resulted in no special services that were rendered to Plaintiff by defendants and was therefore a charge for the use,

---

[10]Plaintiff's First Amended Original Petition, Docket Entry No. 9, pp. 6-7, ¶ 11 (emphasis added).

forbearance or detention of money.  **Plaintiff paid the following mortgage fees at closing:**

| | |
|---|---:|
| Loan origination | $10,050 |
| Underwriting | 1,750 |
| Admin | 895 |
| Processing | 300 |
| Proceeds Split | 10,000 |
| Total | ***$22,995*** |

Plaintiff has paid additional charges and been charged for addition[al] costs of insurance, late fees and attorney's fees.  These additional fees were not shown on the Good Faith Estimate required by law, and constitute interest charged to Plaintiff, in addition to the interest charge[d] under the note on a per annum basis.  These amounts are in excess on the maximum amount allowable by law.  These amounts violate the Texas usury laws . . .[11]

Plaintiff's First Amended Original Petition alleges that on the date of closing, i.e., December 10, 2004, plaintiff paid mortgage fees totaling $22,995.00, which he alleges constitute usurious interest.  Because plaintiff filed this action on September 11, 2012, a date that is more than four years after the date of closing on which plaintiff alleges he paid the mortgage fees alleged to constitute usurious interest, plaintiff's usury claim based on the mortgage fees that he allegedly paid on the date of closing is barred by limitations.  See Aquilar v. Anderson, 855 S.W.2d 799, 810-11 (Tex. App. — El Paso 1993, writ denied) (dismissing usury claim brought more than four years after debtors made their first payment under promissory note at issue, and declining to extend discovery rule exception to usury claim).

---

[11]Id. at 4-5, ¶ 7.

Plaintiff also alleges that he "has paid additional charges and been charged for addition[al] costs of insurance, late fees and attorney's fees."[12] Although Plaintiff's First Amended Original Petition contains no facts supporting these allegations, in response to the pending motion for judgment, plaintiff argues that his

> usury claim for damages arose because of the acceleration [of] the Note [, . . . and that his] cause of action for damages accrued on the date of Acceleration and demand for payment in excess of the highest amount allowable by law.[13]

Defendants argue that plaintiff's claim for usury is, nevertheless, subject to dismissal because the argument asserted in plaintiff's response to Defendants' motion for judgment is directly contradicted by plaintiff's pleadings where he stated,

> Defendant has contracted for, charge[d] and received interest in excess of the amount authorized by law. **These charges collected at closing and during the life of the note,** when measured against the true principal of the loan, are in excess of the amount allowed by law.[14]

Defendants argue that "Plaintiff now asserts a different argument for the sole purpose of escaping the application of the statute's limitations, much as Plaintiff attempted to add a non-diverse defendant for the sole purpose of defeating diversity jurisdiction."[15]

---

[12]Id.

[13]Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 24, pp. 1-2, ¶¶ 1-2.

[14]Plaintiff's First Amended Original Petition, Docket Entry No. 9, pp. 6-7, ¶ 11.

[15]Defendants' Reply to Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 26, pp. 2-3, ¶ 4.

Plaintiff has filed his pleadings pro se and, normally, "[a] document filed *pro se* is 'to be liberally construed,'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 97 S.Ct. 285, 292 (1976)), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. Here, however, the website for the State Bar of Texas reflects that the plaintiff, although not currently eligible to practice law, is a law school graduate who from November of 1979 to at least October of 2003 was licensed to practice law in Texas.[16] Thus, plaintiff's pleadings are not entitled to the liberal construction normally accorded to pro se pleadings. Moreover, despite having had two opportunities to plead his usury claim, only in response to Defendants' motion for judgment on the pleadings has plaintiff attempted to assert facts capable of supporting a claim for usury based on costs and fees demanded when defendants accelerated the plaintiff's loan. Moreover, despite plaintiff's failure to plead such facts in his First Amended Original Petition, plaintiff has neither sought leave to amend nor explained why he failed to allege such facts. Under these circumstances the court is not persuaded that plaintiff

---

[16]The State Bar of Texas maintains a website, "The Texas Attorney Profile," that provides basic information about attorneys licensed to practice in Texas. The information is provided as a public service by the State Bar of Texas. See Tex. Gov't Code Ann. § 81.115. The website, www.Texasbar.com, was last checked on January 25, 2013.

should be allowed to amend his complaint a third time to assert a usury claim based on demands for costs and fees made when the note was accelerated. Accordingly, the court concludes that defendants are entitled to judgment on the pleadings with regard to the claim for usury asserted in Plaintiff's First Amended Original Petition.

### IV.  Conclusion and Order

For the reasons explained above, Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 21) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 29th day of January, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE